IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUPE MENDOZA GARCIA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2334-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lupe Mendoza Garcia, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

Petitioner pled guilty to murder and was sentenced to 15 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Garcia*, No. 59,000-02 (Tex. Crim. App. Apr. 13, 2005). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel at trial; and (2) he is actually innocent. Petitioner also complains that the state habeas court failed to properly develop the record, did not conduct an evidentiary hearing, and failed to make an "independent decision" on his writ.

By order dated December 1, 2005, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on January 9, 2006. The court now determines that this case should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas

relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 15 years in prison for murder. Judgment was entered on August 14, 1995 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on September 14, 1995. *See* TEX. R. APP. 26.2, *formerly* TEX. R. APP. 202. Petitioner filed an application for state post-conviction relief on January 7, 1996, but voluntarily withdrew that application on September 19, 1996 to begin a "diligent investigation for new evidence." (*See* Pet. Reply at 2 & n.1). More than six years later, on May 23, 2003, petitioner refiled his state writ. The writ was denied on April 13, 2005. Petitioner filed this action in federal court on November 28, 2005.[1]

The statute of limitations started to run on April 24, 1996, the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. Although petitioner filed a state writ prior to the expiration of the one-year limitations period, he voluntarily withdrew the writ and waited more than *six years* before seeking post-conviction relief in state or federal court. In his reply, petitioner argues that he did not discover the factual predicate of his actual innocence claim until May 5, 2003, when his mother sent him the affidavit of Juan Abelino, a key witness, recanting his trial testimony. (*See* Pet. Reply at 5 & n.4). According to petitioner's mother, Elidia Mendoza, the affidavit was obtained on

---

[1] Ordinarily, a federal habeas petition is considered filed on the date it was delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). However, petitioner did not sign or date his habeas petition. Under these circumstances, the operative filing date for limitations purposes is the date the petition was received by the district clerk. *See Turner v. Johnson*, No. 3-01-CV-0067-X, 2001 WL 391564 at *2 n.3 (N.D. Tex. Apr. 13, 2001), *rec. adopted*, 2001 WL 513420 (N.D. Tex. May 9, 2001).

January 9, 1998, but was "misplaced." (Pet. Reply, E. Mendoza Aff. at 1, ¶ 4). Despite diligent attempts to locate the affidavit, Elidia did not find the document until May 1, 2003. (*Id.*). Even if petitioner did not actually receive the Abelino affidavit until 2003, the operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner does not indicate the date he became aware of the *facts* contained in the affidavit. Indeed, it appears that petitioner was aware that Abelino had recanted his trial testimony as early as September 1996, when petitioner withdrew his state writ to further develop his actual innocence claim. *See Chism v. Johnson*, No. 3-99-CV-2412-BD, 2000 WL 256875 at *2 (N.D. Tex. Mar. 7, 2000) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony).

Petitioner further argues that he is proceeding *pro se* and had to rely on an "inmate writ writer" for advice. Neither reason constitutes a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law and *pro se* status held insufficient to toll limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (lack of representation does not merit equitable tolling).

Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See Felder*, 204 F.3d at 171; *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D.

Tex. Apr. 23, 2003); *Rhinehart v. Cockrell*, No. 3-01-CV-1177-P, 2001 WL 1512029 at *2 (N.D. Tex. Nov. 21, 2001). The court therefore concludes that all claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed.

C.

Petitioner also complains that the state habeas court failed to properly develop the record, did not conduct an evidentiary hearing, and failed to make an "independent decision" on his writ. These claims, which did not accrue until the writ was dismissed on April 13, 2005, are not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, these grounds for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed on limitations grounds. Petitioner's claims that the state habeas court failed to properly develop the record, did not conduct an evidentiary hearing, and failed to make an "independent decision" on his writ should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 11, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE