IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| LUPE MENDOZA GARCIA | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2334-B |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lupe Mendoza Garcia, appearing *pro se*, has filed a Rule 60(b)(4) motion "to Recall All Mandates, Judgments, Orders from the Northern District of Texas at Dallas and the Fifth Circuit Court of Appeals." For the reasons stated herein, the motion should be denied.

I.

In 1995, petitioner pled guilty to murder and was sentenced to 15 years confinement. No appeal was taken. Instead, petitioner filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Garcia*, No. 59,000-02 (Tex. Crim. App. Apr. 13, 2005). The second application was dismissed as successive. *Ex parte Garcia*, No. 59,000-03 (Tex. Crim. App. May 31, 2006). Petitioner also challenged his conviction and the disposition of his first state writ in a federal habeas proceeding brought under 28 U.S.C. § 2254. On January 25, 2006, the district court dismissed all claims related to petitioner's trial and resulting conviction on limitations grounds. The claims related to the disposition of petitioner's state writ were denied

on the merits. *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, (N.D. Tex. Jan. 25, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006).

Undeterred, petitioner now seeks relief from what he describes as a "void" judgment. As best the court can decipher, petitioner appears to argue that: (1) the AEDPA statute of limitations does not apply to his claims; (2) the pendency of his second state writ, which was dismissed as successive by the Texas courts, should have tolled the one-year limitations period; and (3) the dismissal of his federal writ constituted a "miscarriage of justice." In addition, petitioner reurges the same claims raised in his prior federal writ.

II.

A district court may relieve a party from a final judgment "[o]n motion and just terms." FED. R. CIV. P. 60(b). One of these terms is a void judgment. *See* FED. R. CIV. P. 60(b)(4). "A judgment is not void merely because it is erroneous." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996), *quoting* 11 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 1995). Rather, a judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Id.*, *quoting Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984). Because the interests of finality require a court to exercise caution in reopening a final judgment, the concept of a void judgment under Rule 60(b)(4) is narrowly construed. *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.), *cert. denied*, 119 S.Ct. 591 (1998).

Judged against these standards, petitioner has failed to establish that the judgment entered in this case is void. Petitioner does not argue that the court lacked subject matter jurisdiction or jurisdiction over the parties. Instead, he contends that: (1) the AEDPA statute of limitations does

not apply to his claims; (2) the pendency of his second state writ should have tolled the one-year limitations period; and (3) the dismissal of his federal writ constituted a "miscarriage of justice." Assuming that any of these claims rise to the level of a due process violation, they are patently frivolous. The Fifth Circuit has held that a one-year statute of limitations applies to federal writs filed by state prisoners who, like petitioner, are challenging convictions that predate the effective date of the AEDPA. *See Fields v. Johnson*, 159 F.3d 914, 915 (5th Cir. 1998). Petitioner is not entitled to statutory or equitable tolling during the pendency of his second state writ because the AEDPA limitations period had already expired by the time the writ was filed. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001) (state writ filed after one-year limitations period expired did not toll AEDPA statute of limitations); *Bilbrey v. Quarterman*, No. 3-03-CV-1473-L, 2006 WL 1982489 at *2 (N.D. Tex. Jul. 11, 2006) (same). Finally, neither the Supreme Court nor the Fifth Circuit has recognized a "miscarriage of justice" exception to the AEDPA statute of limitations.[1]

Petitioner also seeks Rule 60(b) relief on the same grounds raised in his federal writ. Those claims must be treated as a successive application for writ of habeas corpus that cannot be filed in district court without the permission of the court of appeals. *See Hartfield v. Texas Attorney General*, No. H-03-1693, 2008 WL 276386 at *3 (S.D. Tex. Jan. 30, 2008) (dismissing as successive claims attacking state court judgment raised in Rule 60(b) motion).

---

[1] Several courts in other circuits have held that there is no "miscarriage of justice" exception to the AEDPA statute of limitations. *See, e.g. Araujo v. Chandler*, 435 F.3d 678, 680-81 (7th Cir. 2005), *cert. denied*, 127 S.Ct. 39 (2006); *David v. Hall*, 318 F.3d 343, 347 (1st Cir.), *cert. denied*, 124 S.Ct. 66 (2003); *Godfrey v. Patrick*, No. 05-1106, 2006 WL 3692598 at *3 & 13 (W.D. Pa. Dec. 12, 2006). At least one federal appeals court has held to the contrary. *See Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Although the Fifth Circuit has declined to address this precise issue, *see Ford v. Johnson*, 263 F.3d 162 (Table), 2001 WL 803555 at *5 (5th Cir. Jun. 11, 2001), *cert. denied*, 122 S.Ct. 830 (2002), it has determined that a claim of actual innocence does not preclude the dismissal of a federal habeas petition on limitations grounds. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 2277 (2003).

## RECOMMENDATION

Petitioner's Rule 60(b)(4) motion "to Recall All Mandates, Judgments, Orders from the Northern District of Texas at Dallas and the Fifth Circuit Court of Appeals" [Doc. #25] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE